**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RODOLFO SILVA-MARTINEZ, | No. 13-72873 |
| Petitioner, | Agency No. A079-168-148 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Rodolfo Silva-Martinez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and de novo questions of law.  *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Silva-Martinez's humanitarian asylum claim because he failed to raise it before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the BIA's finding that Silva-Martinez did not suffer past persecution.  *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (past harm did not cumulatively rise to the level of persecution, and harm to close associates not "part of a pattern of persecution closely tied to" petitioner).  Substantial evidence also supports the agency's finding that  Silva-Martinez did not meet his burden to demonstrate that a protected ground would be 'one central reason' for any future persecution.  *See Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2008); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  Thus, his asylum claim fails.

13-72873

Because Silva-Martinez did not establish eligibility for asylum, he cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of Silva-Martinez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**